*JOHNSON v. IMBODEN.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SUCCESSION OF BENJAMIN A. STEELE.

Where the plea of *res judicata* has been made, and the judgment relied upon in support of the plea is obscure, it is competent for either party to explain it by parol or other evidence, to show that it either does, or does not, support the plea.

APPEAL from the District Court of Madison, *J. N. T. Richardson*, J. Stockton and *Steele*, for appellees. *A. Snyder* and *Bemiss*, for appellant. The judgment of the court was pronounced by

PRESTON, J. George D. Shadburne, curator of the succession of Benjamin A. Steele, has rendered his account; *David Stanbrough* opposes it, and claims to be a creditor to the amount of one thousand and fifty-three dollars, with interest at the rate of five per cent from the 22d day of April, 1848. *Price* and *Watson*, the only heirs of the deceased, resist his claim, on the ground, that it was a matter adjudged in his settlement of his account as tutor of the deceased. *Stanbrough*, as tutor of the deceased, rendered the final account

SUCCESSION
OF
STEELE.

of his tutorship on the 14th of April, 1849, and the judgment homologating his account, is that which is plead as adjudging this claim against him. He credited himself in the account with a sum of thirteen hundred and thirty-four dollars and seventy cents, as having paid the same to *M. Wallace, Esq.,* the attorney of *Price* and *Watson,* in two suits prosecuted against him. *Price* and *Watson* opposed this credit "as clearly unjust, except for a sum of sixty-four dollars and seventy cents, the remaining sum of twelve hundred and seventy dollars having been paid to satisfy a judgment against *D. Stanbrough,* as curator of a different succession." (Suit 1215.)

The decree of homologation in relation to this credit, is as follows: "and it is further ordered, by consent of parties, that the items number 15 and 16, amounting to the credit of $1334 70, be withdrawn from said account, and in place thereof, the said tutor be credited with eight hundred and seventy-one dollars, being the price of the slaves, *Harriet, Lucy,* and their children, purchased by said minor, the 8th of December, 1843, and the interest accrued thereon to the death of the minor."

The money for which *Stanbrough* was accounting, was twenty-seven hundred dollars, proceeds of a tract of land which he had caused to be sold as tutor, believing it to belong exclusively to the minor. *Price* and *Watson* brought suit against him, and established, that one-third of the tract belonged to them, and recovered judgment for nine hundred dollars, with interest. It appears he paid them the judgment, amounting to one thousand and fifty-three dollars, and he says, with the credit which he consented to withdraw from his account as tutor of the minor. He offered to prove by the attorneys who entered the consent judgment, that in withdrawing the credit, he did not consent to its extinguishment, but reserved it as a claim against the estate of the minor, who was then deceased; but the evidence was rejected.

*Price* and *Watson* contends, that eight hundred and seventy-one dollars, the price paid by *Stanbrough* for slaves of his ward, was substituted in place of the credit of $1334 70, claimed by the tutor, and that the credit was extinguished by the substitution of the other credit and judgment of homologation.

For two reasons, we think the evidence offered should have been received: First. The judgment is obscure, and we are unable to say which of the parties are right in their views of it. Second. When the plea of *rei judicatæ* is offered, it is legal and proper to establish, by parol evidence or otherwise, the identity of the thing adjudged, and of course, to show in the same manner the contrary, that the thing has not been adjudged, when the obscurity in the judgment itself renders it necessary. But it is not necessary to remand the cause for this evidence. The records and accounts show precisely what *Stanbrough* received for *Price* and *Watson,* as heirs of their father, and also of his ward, their deceased half brother, and what he has paid to them and their creditors. He has paid three thousand seven hundred and fifty-three dollars, and received twenty-seven hundred dollars, leaving *Price* and *Watson,* as the only heirs of his deceased ward, indebted to him one thousand and fifty-three dollars, with interest, as claimed.

Objection is made by *Price* and *Watson* to several bills for counsel fees, charged by the curator of the succession. We do not see that they have taken an appeal, or brought the curator properly before us, so as to enable us to examine these claims. However, the amounts are not disputed, but it is urged, that the estate of their deceased half brother should not be charged with them. The record

shows the services, and we think they were rendered on account of him and his succession, and are proper charges against it.

The judgment against the opponent, *David Stanbrough*, is reversed; and it is decreed, that he recover from the succession of *Benjamin Steele*, one thousand and fifty-three dollars, with interest from 22d of April, 1848, and that the succession pay the costs of this appeal. In other respects, the judgment is affirmed.